IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

BOARD OF TRUSTEES, SHEET METAL )
WORKERS' NATIONAL PENSION )
FUND, et al., )
                                 )
               Plaintiffs, )
                                 )          Civil Action No. 1:16cv1595 (LO/JFA)
v. )
                                 )
BURRIS CONSTRUCTION )
COMPANY, LLC, )
                                 )
               Defendant. )
_____ )

**PROPOSED FINDINGS OF FACT AND RECOMMENDATIONS**

This matter is before the court on plaintiffs' motion for default judgment pursuant to Federal Rule of Civil Procedure 55(b)(2). (Docket no. 7). Plaintiffs are the Board of Trustees of the Sheet Metal Workers' National Pension Fund ("NPF"), the Board of Trustees of the International Training Institute for the Sheet Metal and Air Conditioning Industry ("ITI"), the Board of Trustees of the National Energy Management Institute Committee ("NEMIC"), the Board of Trustees of the Sheet Metal Occupational Health Institute Trust Fund ("SMOHIT"), the Board of Trustees for the Sheet Metal Workers' International Association Scholarship Fund ("IASF") and they seek a default judgment against Burris Construction Company, LLC ("Burris"). Pursuant to 28 U.S.C. § 636(b)(1)(C ), the undersigned magistrate judge is filing with the court his proposed findings of fact and recommendations, a copy of which will be provided to all parties.

1

## Procedural Background

On December 22, 2016, the plaintiffs filed this action alleging that the defendant is obligated to pay them for certain overdue contributions, liquidated damages, interest, late charges, and attorney's fees and costs. (Docket no. 1). The summons and complaint were served on James C. Gibson, president, in person on January 5, 2017 at Burris's offices in Moorestown, New Jersey. (Docket no. 4). In accordance with Federal Rule of Civil Procedure 12(a), a responsive pleading was due no later than January 26, 2017, which is 21 days after the summons and complaint were served on the defendant.

The defendant failed to file a responsive pleading in a timely manner and on February 24, 2017, the plaintiffs filed their request for entry of default. (Docket no. 5). The Clerk of Court entered default against the defendant pursuant to Federal Rule of Civil Procedure 55(a) on February 27, 2017. (Docket no. 6). On April 7, 2017, the plaintiffs filed a motion for default judgment with a supporting memorandum and declarations from Walter Shaw and Diana Bardes and a notice of hearing for May 5, 2017 at 10:00 a.m. (Docket nos. 7–9). The motion for default judgment, supporting memorandum, and notice of hearing were served on the defendant by mail on April 7, 2017. (*Id.*). On May 5, 2017, counsel for the plaintiffs appeared at the hearing on the motion for default judgment and no one appeared on behalf of the defendant. At the request of the court, plaintiffs filed a pleading on May 10, 2017, clarifying the amounts being sought in the motion for default judgment. (Docket no. 12).

## Factual Background

The following facts are established by the complaint (Docket no. 1), the motion for default judgment (Docket no. 7), and the memorandum and declarations filed in support of the motion for default judgment (Docket no. 8).

2

This action is brought under Sections 502 and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1132 and 1145, and under Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185. (Compl. ¶ 1). Each of the plaintiffs are "fiduciaries" with respect to their fund, as defined in 29 U.S.C. § 1002(21)(A), and they are empowered to bring this action pursuant to 29 U.S.C. §§ 1132(a)(3) and 1132(g)(2). (Compl. ¶¶ 5–10). NPF, ITI, and IASF are jointly administered trust funds created and maintained pursuant to 29 U.S.C. § 186(c) and "multiemployer plans" within the meaning of 29 U.S.C. § 1002(37). (Compl. ¶¶ 5–7). NEMIC and SMOHIT are organizations created and maintained pursuant to 29 U.S.C. § 186(c). (Compl. ¶¶ 8–9). The funds for which the plaintiffs bring this action are administered in Fairfax, Virginia. (Compl. ¶¶ 5–9).

Burris is a New Jersey company with offices in Moorestown, New Jersey and is an employer in an industry affecting commerce as defined by 29 U.S.C. § 152(2) and 29 U.S.C. § 1002(5), (11), and (12). (Compl. ¶ 11). Burris employs employees represented for the purposes of collective bargaining by the Sheet Metal Workers' International Association Local Union No. 27, which is a labor organization representing employees in an industry affecting interstate commerce ("Local Union No. 27"). (Compl. ¶ 12). Burris was a signatory to and bound by a series of collective bargaining agreements with Local Union No. 27 ("Labor Contracts"). (Compl. ¶ 13). Burris is also obligated to abide by the terms and conditions of the Trust Agreements establishing each of the funds, including any amendments thereto (the "Trust Agreements"). (Compl. ¶ 15).

Under the Labor Contracts, Trust Agreements, and applicable law, Burris is obligated to submit monthly remittance reports and fringe benefits contributions to the plaintiffs for all hours worked or paid on behalf of defendant's covered employees no later than the twentieth day after

3

the end of each month during which covered work was performed. (Compl. ¶¶ 14, 18). When an employer fails to make a timely remittance report and contribution payment and the funds file a lawsuit to recover unpaid contributions, the employer is obligated to pay interest on the delinquent contributions at the rate of 0.0233% per day, liquidated damages equal to the greater of interest on all delinquent contributions or 20% of the delinquent contributions, and the attorney's fees and costs incurred in pursuing the delinquent amounts. (Compl. ¶ 19). In addition, the Trust Agreements require an employer to pay late fees for all contributions paid late, but prior to commencement of litigation, equal to the greater of 10% of the delinquent contributions or $50.00. (Compl. ¶ 20).

In the complaint, the plaintiffs allege that for the months of April 2014 through November 2016, the defendant employed employees for whom contributions were due to the plaintiffs but defendant failed to submit remittance reports and make the required contributions. (Compl. ¶¶ 21, 24). Plaintiffs allege that defendant owes contributions in the total amount of $29,232.56 for the months of January 2016 through November 2016, along with accrued interest in the amount of $1,317.87, and liquidated damages in the amount of $5,846.47. (Compl. ¶ 25). Plaintiffs also allege that defendant failed to pay the required contributions in a timely manner for the months of April 2014 through December 2015 and defendant owes late fees in the amount of $2,193.99. (Compl. ¶ 26).

In the memorandum in support of the motion for default judgment and clarified in the May 10, 2017 filing, plaintiffs state that they are owed the amounts as detailed below. (Docket nos. 8-1 Ex. 4, 12). As described in the memorandum in support of the motion for default judgment and the declarations of Walter Shaw and Diana Bardes, the plaintiffs are seeking an award of the unpaid contributions due for January 2016 through December 2016, interest,

liquidated damages, late charges, and attorney's fees and costs incurred in bringing this action.[1] (Docket nos. 8, 12).

| Plaintiff | Contributions | Interest through 2/13/2017 | Liquidated Damages | Late Fees[2] | Costs and Attorney's Fees[3] | Total |
|---|---|---|---|---|---|---|
| NPF | $30,531.04 | $1,697.65 | $5,649.57 | | $3,185.00 | |
| ITI | $748.80 | $34.50 | $137.28 | | $0.00 | |
| IASF | $13.44 | $0.62 | $2.42 | | $0.00 | |
| SMOHIT | $124.80 | $5.73 | $22.88 | | $0.00 | |
| NEMIC | $187.20 | $8.64 | $34.32 | | $0.00 | |
| **Total** | $31,605.28 | $1,747.14 | $5,846.47 | $2,193.99 | $3,185.00 | $44,577.88[4] |

### Proposed Findings and Recommendations

Rule 55 of the Federal Rules of Civil Procedure provides for the entry of a default judgment when "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." The court must have both subject matter and personal jurisdiction over a defaulting party before it can render a default judgment.

A defendant in default admits the factual allegations in the complaint. *See* Fed. R. Civ. P. 8(b)(6) ("An allegation — other than one relating to the amount of damages — is admitted if

---

[1] There is a difference in the amounts sought in the motion for default judgment (Docket no. 8) and the complaint (Docket no. 1) because the complaint did not include the December 2016 contribution or the $3,185.00 claimed as attorney's fees and costs. The amount sought for interest has also been updated through February 13, 2017 in the motion for default judgment.

[2] The total amount sought for late fees was alleged in paragraph 26 of the complaint and was confirmed in the May 10, 2017 filing. Exhibit 4 to the declaration of Mr. Shaw did not contain an accurate breakdown of the amounts due to each plaintiff for late fees. (Docket no. 12).

[3] The total amount of attorney's fees and costs are included with NPF, the lead plaintiff with the highest amount owed by the defendant.

[4] Plaintiffs erred in adding the total amount owed in the supplemental filing. (Docket no. 12).

a responsive pleading is required and the allegation is not denied."); *see also GlobalSantaFe Corp. v. Globalsantafe.com*, 250 F. Supp. 2d 610, 612 n.3 (E.D. Va. 2003) ("Upon default, facts alleged in the complaint are deemed admitted and the appropriate inquiry is whether the facts as alleged state a claim."). Rule 55(b)(2) of the Federal Rules of Civil Procedure provides that a court may conduct a hearing to determine the amount of damages, establish the truth of any allegation by evidence, or investigate any other matter.

## Jurisdiction and Venue

The plaintiffs allege that this court has subject matter jurisdiction under section 502 of ERISA, 29 U.S.C. § 1132. (Compl. ¶ 1). Section 502 provides that the district courts of the United States have jurisdiction over civil actions brought under this title. This case is properly before the court under its federal question jurisdiction pursuant to 29 U.S.C. § 1132(e) because it is brought under ERISA for an alleged failure to make contributions in accordance with a collective bargaining agreement or multiemployer plan. The plaintiffs further allege that this court has subject matter jurisdiction under section 301 of the LMRA, 29 U.S.C. § 185. (Compl. ¶ 1). That section provides that United States district courts have jurisdiction over suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce. This case is also properly before the court pursuant to 29 U.S.C. § 185 because it is brought under the LMRA for violation of a contract between an employer and a labor organization.

Section 502 states that an action under this title may be brought in the "district where the plan is administered" and "process may be served in any other district where a defendant resides or may be found." 29 U.S.C. § 1132(e)(2). The plaintiffs state that the respective funds are administered in Fairfax, Virginia. (Compl. ¶¶ 5–9). Venue is proper in this court and this court

has personal jurisdiction over the defendant since the respective funds are administered within the Alexandria Division of the Eastern District of Virginia. *See Bd. of Trs., Sheet Metal Workers' Nat'l Pension Fund v. McD Metals, Inc.*, 964 F. Supp. 1040 (E.D. Va. 1997) (personal jurisdiction in an ERISA action should be determined on the basis of the defendant's national contacts with the United States pursuant to the Due Process Clause of the Fifth Amendment and ERISA itself provides for nationwide service of process).

For these reasons, the undersigned magistrate judge recommends a finding that this court has subject matter jurisdiction over this action, that the court has personal jurisdiction over the defendant, and that venue is proper in this court.

### Grounds for Entry of Default

The summons and complaint were served on James Gibson, president of Burris, in person on January 5, 2017 at Burris's offices in Moorestown, New Jersey. (Docket no. 4). Under Federal Rule of Civil Procedure 12(a), a responsive pleading was due on January 26, 2017, which is 21 days after service of process on defendant. After the defendant failed to file an answer or responsive pleading in a timely manner, the plaintiffs requested an entry of default on February 24, 2017. (Docket no. 5). The Clerk of Court entered a default on February 27, 2017. (Docket no. 6).

The undersigned magistrate judge recommends a finding that the defendant was served properly, that it failed to file a responsive pleading in a timely manner, and that the Clerk of Court properly entered a default as to the defendant.

### Liability and Measure of Damages

Rule 54(c) of the Federal Rules of Civil Procedure provides that a default judgment "must not differ in kind from, or exceed in amount, what is demanded in the pleadings."

7

Because the defendant did not file a responsive pleading and is in default, it admits the factual allegations in the complaint. *See* Fed. R. Civ. P. 8(b)(6).

Plaintiffs bring this action seeking contractual remedies under 29 U.S.C. § 185 for defendant's breach of the Labor Contracts, Trust Agreements, and rules and regulations as adopted by the trustees of the ERISA funds. (Compl. ¶ 24). As set forth in the complaint, Burris failed to submit remittance reports and contributions to all funds in a timely manner for the period of April 2014 through December 2016. (Compl. ¶¶ 25, 26). Specifically, 29 U.S.C. § 1132(g)(2) provides that in any action brought to enforce the payment of delinquent contributions in which a judgment in favor of the plan is awarded, the court shall award the plan:

> (A) the unpaid contributions,
> 
> (B) interest on the unpaid contributions,
> 
> (C) an amount equal to the greater of –
> 
> > (i) interest on the unpaid contributions, or
> > 
> > (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),
> 
> (D) reasonable attorney's fees and costs of the action, to be paid by the defendant, and
> 
> (E) such other legal or equitable relief as the court deems appropriate.

29 U.S.C. § 1132(g)(2).

In support of their claim for damages, plaintiffs submitted a declaration from Walter Shaw. (Docket no. 8, Ex. 1) ("Shaw Decl."). Mr. Shaw is the Billing Manager of the NPF and he is familiar with the payment histories of employers obligated to make contributions to each

of the plaintiffs. (Shaw Decl. ¶ 2). The information contained in the declaration of Mr. Shaw and Exhibit 4 to his declaration, as clarified by the May 10, 2017 filing, establishes that Burris owes the plaintiffs the following amounts:

| Plaintiff | Contributions | Interest through 2/13/2017 | Liquidated Damages | Late Fees | Costs and Attorney's Fees | Total |
|---|---|---|---|---|---|---|
| NPF | $30,531.04 | $1,697.65 | $5,649.57 | | $3,185.00 | |
| ITI | $748.80 | $34.50 | $137.28 | | $0.00 | |
| IASF | $13.44 | $0.62 | $2.42 | | $0.00 | |
| SMOHIT | $124.80 | $5.73 | $22.88 | | $0.00 | |
| NEMIC | $187.20 | $8.64 | $34.32 | | $0.00 | |
| Total | $31,605.28 | $1,747.14 | $5,846.47 | $2,193.99 | $3,185.00 | $44,577.88 |

Each of the funds are owed unpaid contributions for the period January 2016 through December 2016; interest calculated at the rate established under 28 U.S.C. § 1961 on ERISA statutory liability from the date the payment was due; and liquidated damages equal to the interest on the unpaid contributions pursuant to 29 U.S.C. §§ 1145 and 1132(g)(2)(c). (Docket no. 8). Plaintiffs also all seek late fees for defendant's breach of the Trust Agreements in the $2,193.99. (Compl. ¶¶ 20, 26). These late fees are calculated at the greater of fifty dollars or ten percent of contributions paid after the due date, whichever is greater. (*Id.*).

The plaintiffs submitted a declaration from Diana Bardes detailing the attorney's fees and costs incurred in this action. (Docket no. 8, Ex. 2) ("Bardes Decl."). The total amount of the attorney's fees incurred was $2,665.00 and the total amount of costs was $520.00. (Docket no. 8, Ex. 2).[5] The costs are comprised of $400.00 for the filing fee and $120.00 in service fees. (Docket no. 8, Ex. 2). The hourly rate charged for the attorney time was $250.00 and $275.00.

---

[5] The plaintiffs have withdrawn the request for $33.01 for West Law fees. (Docket no. 12).

(Bardes Decl. Ex. 1). The undersigned magistrate judge has reviewed the declaration of Ms. Bardes and recommends a finding that the hourly rates charged and the costs incurred by the plaintiffs are reasonable.[6] After reviewing the individual time entries, the court finds that the total amount of time and the costs incurred in pursuing this action and the amounts billed were reasonable.

For these reasons, the undersigned recommends that a total judgment be entered against Burris Construction Company, LLC in the amount of $44,577.88, which includes unpaid contributions of $31,605.28, interest of $1,747.14, liquidated damages of $5,846.47, late fees of $2,193.99, and attorney's fees and costs of $3,185.00.

## Notice

By means of the court's electronic filing system and by mailing a copy of the proposed findings of fact and recommendations to Burris Construction Company, LLC, 8 East Main Street, Moorestown, New Jersey 08057, the parties are notified that objections to the proposed findings of fact and recommendations must be filed within fourteen (14) days of service of the proposed findings of fact and recommendations and a failure to file timely objections waives appellate review of the substance of the proposed findings of fact and recommendations and waives appellate review of any judgment or decision based on the proposed findings of fact and recommendations.

---

[6] The Bardes declaration does not comply fully with the standards set forth in *Grissom v. The Mills Corp.*, 549 F.3d 313, 320-23 (4th Cir. 2008), *Barber v. Kimbrell's Inc.*, 577 F.2d 216, 226 (4th Cir. 1978), and *Plyler v. Evatt*, 902 F.2d 273, 277 (4th Cir. 1990) for establishing a reasonable hourly rate. However, since the defendant has not contested the hourly rates in this case, the court will accept the allegations set forth by the plaintiffs concerning the reasonableness of those rates. The hourly rates and costs requested are consistent with the rates and costs incurred in similar cases and awarded by this court.

ENTERED this 11th day of May, 2017.

                                               /s/
                                   John F. Anderson
                                   United States Magistrate Judge

Alexandria, Virginia